IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
05 SEP -6 PM 1:40
CLERK'S OFFICE
U S DISTRICT COURT
SAN JUAN P.R.

United States of America

Plaintiffs

vs.

Kourí, et al.

Defendants

CRIM. NO. 97-091 (JAF)

*Denied see order under separate cover*

RECEIVED & FILED
'5 SEP 21 AM 11:47
CLERK'S OFFICE
US DISTRICT COURT
SAN JUAN, P.R.

## MOTION FOR RECONSIDERATION

TO THE HONORABLE JOSE A. FUSTE, CHIEF JUDGE U.S. DISTRICT COURT.

Comes now Petitioner, Joaquín Monserrate-Matienzo, through his undersigned attorney, and to this Honorable Court states and prays:

1.  On May 21, 1998, this Honorable Court entered an Order imposing sanctions on the Petitioner for circumstances which have been extensively developed on this and the appellate record and thus do not need restatement here. See Docket No. 1031.

2.  On May 25, 1998, Petitioner Monserrate appealed said Order and on May 7, 1999, the United States Court of Appeals for the First Circuit entered an Opinion and Order dismissing the appeal for want of Appellate jurisdiction. See U.S. v. Kourí Pérez, No. 98-1612, 187 F3d 1 (1st Cir. 1999).

1670

3.    Petitioner Monserrate respectfully prays to this Honorable Court to reconsider and vacate the sanctions imposed upon him on May 21, 1998, on the following grounds:

A.    Jurisdiction of this Honorable Court to reconsider its sanctions is grounded on the well settled principle that the District Court retains the inherent power to modify or rescind sanctions at any time as circumstances warrant. (See U.S. v. Kourí Pérez, supra.)

B.    Reconsideration is prayed for at this time due to the fact that, as this Court states in its Order of August 15, 2005, "this case has remained active and litigious directly and collaterally until very recent time." It was only prudent to wait until very recent time to file this motion. See Order of August 15, 2005 attached to this Motion and made a part thereof. (Ex. 1)

C.    Petitioner is anxious, not only to clear his reputation as an attorney, but also to refute the false allegations of the press which as soon as this Court issued its "Order of August 15, 2005" vacating the sanctions against attorney Rebollo, published in a prominent page of the newspaper the falsity that Monserrate and other attorneys had been sanctioned for "fabricating" evidence in the Kourí case. Petitioner had to defend himself in the press from this unfounded attack on his reputation. See Exs. 2 and 3, attached to this Motion and made a part thereof.

D.    Petitioner has been convinced, since the beginning of this unfortunate incident, that professional influence in a jointly undertaken defense may

cause courses of action which are not precisely the better nor wiser ones to follow. [1]

   E. Petitioner has been a trial attorney in good standing for over forty (40) years in the Commonwealth of Puerto Rico as well as in the Federal jurisdiction. Never during those four decades has he been sanctioned for anything, except in this case. Petitioner has been a respectful attorney, always tolerant, considerate, and courteous, not only with the Court, but also with opposing counsel, fellow defense attorneys, and clients as well.

   F. A mere reading of the record of this case shows that Petitioner has never engaged in a pattern of harassment against The Honorable María Domínguez, Assistant United States Attorney nor against any other attorney for the Government. In fact, Mr. Monserrate resigned from the Kourí case as soon as the sanctions were imposed. Furthermore, Petitioner has always had good personal relations with Ms. Dominguez and she with him. Petitioner has publicly expressed that he never had intention to offend Ms. Dominguez and long time ago he personally apologized to her in a sincere and authentic manner; said apologies were accepted in the same manner and with great decorum. Mr. Monserrate's style of litigation is not abrasive nor offensive, quite the contrary. <u>See Ms. Dominguez' opinion of Petitioner at page 24 of transcript of the Hearing held on February 25, 1998</u>, before the Honorable José A. Fusté, attached to this motion and made a part thereof (<u>Ex. 4</u>). And <u>see also</u> Hon. Judge Fusté's kind opinion of Petitioner in <u>Cr. No. 95-251 (JAF)</u> attached to this Motion and made a part thereof. (<u>Exhibit 5</u>). In said Order this Hon. Court states, *inter alia*, "... Mr. Monserrate Matienzo is reapprised of this court's

---

[1] The undersigned attorney, after more than half a century of criminal practice in all the Courts of Puerto Rico and in the Federal Jurisdiction, including the Supreme Court of the United States, is convinced that in the defense of a criminal trial were there are several attorneys, the professional pressure in such cases, sooner or later, causes harm to unimpeachable attorneys.

respect and admiration for his professional abilities and his continued dedication to the cause of criminal defense. The Court looks forward to his future participation in other cases."

4.  Due to the sensitivities of this case, the undersigned has filed this motion, Sealed and Ex-Parte, but we have no objection whatsoever that this Honorable Court, as it deems proper, shows the contents of it to Ms. Domínguez.

WHEREFORE, the undersigned attorney respectfully prays this Honorable Court to reconsider its Order of May 21, 1998, imposing written sanctions and censure upon Petitioner Monserrate-Matienzo and order the same set aside and vacated.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 6th day of September, 2005.

*[signature]*
GERARDO ORTIZ DEL RIVERO
Attorney for Petitioner
U.S.D.C. 108207
Monserrate & Monserrate
606 Muñoz Rivera
San Juan, PR 00918-3632
Tel. (787) 764-8960
Fax. (787) 751-7114