IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 97-91 (JAF) |
| V. | |
| **ARMANDO BOREL BARREIRO**<br>Defendant | |

**SECOND MOTION TO AMEND OR CORRECT JUDGMENT
AND INFORMATIVE AS TO STATUS OF DEFENDANT**

**TO THE HONORABLE COURT:**

**COMES NOW DEFENDANT,** by and through the undersigned counsel, who most respectfully prays and states as follows:

1. On December 12, 2005, a hearing before the Immigration Judge, Honorable Denise Slavin was held in Miami, Florida.

2. Defendant is in immigration proceedings as a result of his being a Cuban national.

3. Under 8 U.S.C. §1227(a)(2)(A)(i)(II), any alien convicted of a crime for which a sentence of one year or longer is imposed is deportable as well as any alien convicted of an aggravated felony at any time after admission is deportable under 8 U.S.C. §1227(a)(2)(A)(iii).

4. An aggravated felony is defined by statute as an offense that involves fraud or deceit in which the loss of the victim exceeds $10,000. 8 U.S.C. §1101(a)(43)(M)(i).

5. The only relief available to defendant to avoid an entry of an order of deportation is a criminal court *vacatur* or re-sentencing.

6.     The Judgment imposed by the Court in this case consisted of one year and one day of imprisonment, followed by a 2 year supervised release term and $18,777.20 restitution. See Exhibit 1, Judgment and Commitment Order.

7.     The *vacatur* should not be solely based on maters solely related to rehabilitation or immigration hardships, but there should be some procedural or substantive basis arising from the underlying criminal conviction in order to offer the alien a remedy under the law.  See ***Matter of Pickering***, 23 I&N Dec. 621 (BIA 2003).  Where an individual is re-sentenced to a shorter prison sentence, the new sentence counts for immigration purposes.  See ***Matter of Song***, 23 I&N 173 (BIA 2001).

8.     After a careful review of the record of this case, specifically the sentencing transcript, we noticed that upon imposition of the sentence, the Court did not apprise defendant of the immigration consequences of his conviction.   See Exhibit 2, Sentencing Hearing Transcript.  Failure to advise defendant of substantial rights that could prejudice him entitled him to relief.  See ***Peguero v. United States***, 119 S.Ct. 961 (1999).   Because Defendant was unaware of the immigration consequences of his conviction, we submit that he has suffered a due process error. This circumstance affords defendant remedy under the immigration law and would result in the cancellation of proceedings before the immigration court.

9.     The American Bar Association's Standards for Criminal Justice provide that, if defendant will face deportation as a result of a conviction, defendant should be fully advised of these consequences.  ABA Standards of Criminal Justice 14-3.2 Comment, 75 (2d ed. 1982)..

10. In the aftermath of ***Booker*** and ***Blakely***, the Sentencing Guidelines are effectively advisory, requiring the court to consider guideline ranges, but permitting it to tailor the sentence in light of other statutory concerns. Accordingly, since constitutional rights to liberty and property have been impinged as a result of defendant's conviction, it would only be appropriate to re-sentence defendant at this juncture, in light of the recent sentencing developments in order to allow for the relief requested herein. See ***United States v. Booker***, 125 S.Ct. 738 (1/12/2005); and ***Blakely v. Washington***, 542 U.S.___(2004).

11. We request that defendant's sentence be amended and corrected to reflect a term of imprisonment of 364 days and $9,999.00 to be paid in restitution in addition to $8,778.20 in fines. We note that the term of supervision imposed by the Court has already been satisfied.

**IN VIEW OF THE FOREGOING**, we most respectfully request that Defendant's Judgment and Commitment Order be amended and corrected to reflect that defendant is sentenced *nunc pro tunc* to a 364 day sentence, with an amount of $9,999.00 in restitution and $ 8,778.20 in fines.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on December 21, 2005.

*s/Marlene Aponte Cabrera*
MARLENE APONTE CABRERA, ESQ.
USDCPR 208603
MSC 128
SIERRA MORENA 271
LAS CUMBRES
SAN JUAN, PUERTO RICO 00926
(787)547-5999

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this date I have filed with the Court through the ECF electronic filing service, the foregoing document and its attachments. Notice will be electronically made upon the following parties:

AUSA Maria Dominguez       maria.dominguez@usdoj.gov

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on December 21, 2005.

*s/Marlene Aponte Cabrera*
MARLENE APONTE CABRERA, ESQ.
USDCPR 208603
MSC 128
SIERRA MORENA 271
LAS CUMBRES
SAN JUAN, PUERTO RICO 00926
(787)547-5999